UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

EDDY J. NICHOLS,

    Defendant.

Case No. 16-CV-914 (JNE/FLN)
**ORDER**

Plaintiff United States of America (the "Government") brought this action against Defendant Eddy J. Nichols ("Nichols") to reduce to judgment certain unpaid federal tax, interest, and penalty assessments. (*See* Compl. ¶ 1, Docket No. 1.) The Government applied for the entry of default against Nichols, and the Clerk of Court entered default on June 22, 2016. (*See* Dkt. No. 9.) The Government now moves for entry of default judgment against Nichols under Fed R. Civ. P. 55(b)(2). (*See* Dkt. No. 10.)

## I. BACKGROUND

The Government filed the Complaint in this action on April 7, 2016 against Nichols and his former wife, Sylvia D. Nichols ("the Nichols"). (*See* Compl. ¶¶ 6-7.) Nichols was personally served with summons and the Complaint on April 11, 2016. (*See* Dkt. No. 5.) There is no indication Sylvia D. Nichols was served, and the Government subsequently dismissed her from the action. (*See* Dkt. No. 6.) To date, Nichols has not responded in any way to this action, and the deadlines to answer or otherwise respond have passed.

The Complaint alleges that the Nichols filed federal income tax returns as married filing jointly in 2002, 2003, 2004, 2005, and 2007 (the "Tax Years") in Minnesota. (Compl. ¶¶ 6-8.) These returns were filed late, with the exception of the return for 2005. (*Id.* ¶ 8.) After the

Nichols failed to pay the income tax they owed, a delegate of the Secretary of the Treasury[1] made assessments against them for taxes, accrued interest, and penalties for each of the Tax Years. (*Id.* ¶¶ 8-9.) The Nichols then received notices of assessments and demands for payment. (*See id.* ¶ 11.) Nichols admitted these facts upon default. *See* Fed. R. Civ. P. 8(b)(6).

At the time the Complaint was filed, the Nichols owed the Government a total tax liability of $162,738.69, plus statutory interest and additions (penalties) accruing from April 5, 2016, for all Tax Years. (*See* Compl. ¶¶ 14, 16.) Since filing this action, the Government (through the IRS) administratively collected money from property belonging to the Nichols. (Declaration of Kyle Kofoid ("Kofoid Decl.") ¶ 8, Dkt. No. 13.) These collections satisfied the outstanding assessments for all Tax Years except 2007. (*Id.*) The remaining total 2007 tax liability was $22,534.49 as of October 28, 2016. (*Id.*, Ex. 6.) Statutory interest and additions continue to accrue on this amount. (*Id.*)

The Government served Nichols with its motion for default judgment by mail at Nichols's last known address. (*See* Dkt. No. 15.) This service was effective under Fed. R. Civ. P. 5(b)(2)(C). Nichols has not responded to the Government's motion for default judgment within the deadline to do so. *See* D. Minn. LR 7.1(c)(2). As such, the Government's motion is unopposed. The record reflects that Nichols is not an infant, an incompetent person, or currently serving in the military. (*See* Declaration of LaQuita Taylor-Phillips ¶¶ 8-9, Dkt No. 8.) Therefore, there are no preliminary hurdles to granting default judgment in this case. *See* 50 U.S.C. § 3931(b); Fed. R. Civ. P. 55(b)(2).

---

[1] The Internal Revenue Service ("IRS") is designated as a delegate of the Secretary of the Treasury and "is authorized and required to make the inquiries, determinations, and assessments of all taxes . . . which have not been duly paid." *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 243 (2002) (emphasis omitted) (quoting 26 U.S.C. § 6201(a)).

## II. DEFAULT JUDGMENT

After default has been entered against a defendant, a plaintiff may apply to the Court for the entry of default judgment. *See* Fed. R. Civ. P. 55(b)(2). In evaluating such a request, the Court may conduct hearings or make referrals when it considers them necessary, such as when an accounting is required or the amount of damages is uncertain. *See id.*; *see also Stephenson v. El-Batrawi*, 524 F.3d 907, 916 (8th Cir. 2008) ("The need for a hearing is within the sound discretion of the district court under Fed. R. Civ. P. 55(b)(2)(B)."). A hearing or referral is unnecessary in this case; the Government's motion can be resolved on the papers submitted, which show the amount of damages at stake. *See Taylor v. City of Ballwin*, 859 F.2d 1330, 1333 (8th Cir. 1988); *United States v. Aldrich*, No. 16-CV-387 (JNE/SER), 2016 WL 5660456, at *1 (D. Minn. Sept. 28, 2016) (finding a hearing unnecessary under similar circumstances).

In considering a Rule 55 motion, the Court accepts the allegations in the Complaint as true (except those relating to the amount of damages) and determines "whether the unchallenged facts constitute a legitimate cause of action." *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (internal quotation marks omitted). The allegations in the Complaint (as reported in Part I, *supra*) establish Nichols's liability for all unpaid tax, interest, and penalty assessments for the Tax Years.[2] The total amount of this liability must be proven by evidence in the record, however. *See Stephenson*, 524 F.3d at 915-16.

The Government seeks default judgment in the amount of $22,534.49, plus statutory interest and additions from October 28, 2016. (*See* Dkt. No. 12 at 5-6.) This figure represents the total unpaid 2007 tax liability balance, evidenced by an IRS record created on October 28, 2016. (*See* Kofoid Decl., Ex. 6.) The balance is further supported by a Certificate of Assessments,

---

[2] Because Nichols filed tax returns jointly with Sylvia D. Nichols, he is jointly and severally liable for the unpaid assessments. *See* 26 U.S.C. § 6013(d)(3).

Payments, and Other Specified Matters regarding the 2007 tax liability,[3] (*see id.*, Ex. 5.), which is entitled to a legal presumption of validity, *see United States v. Gerads*, 999 F.2d 1255, 1256 (8th Cir. 1993). Statutory additions continue to accrue on the balance up to certain limits, and statutory interest accrues until full payment. *See* 26 U.S.C. §§ 6601(a), 6651(a). Therefore, the Government has proven entitlement to damages in the amount of $22,534.49, plus statutory interest and additions accruing from October 28, 2016.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Plaintiff United States of America's Unopposed Motion for Default Judgment Against Defendant Eddy J. Nichols [Dkt. No. 10] is GRANTED.

2. Judgment is entered in favor of Plaintiff United States of America and against Defendant Eddy J. Nichols on Count I of the Complaint in the amount of $22,534.49, plus statutory interest and additions accruing according to law from October 28, 2016 until fully paid.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: December 12, 2016

                                                  s/Joan N. Ericksen
                                                  JOAN N. ERICKSEN
                                                  United States District Judge

---

[3] The Certificate shows an unpaid balance of $20,301.37 as of March 6, 2013. (*See* Kofoid Decl., Ex. 5.) Since that time, this balance accrued statutory interest and/or additions. *See* 26 U.S.C. §§ 6601(a), 6651(a). The balance may have also been reduced in part by the IRS's administrative collection. (*See* Kofoid Decl. ¶ 8.)